# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF MASSACHUSETTS

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

James E. Person, pro se
     And
Mary Paris, pro se
          Plaintiff's               CIVIL ACTION
          -v-                    Number:
Franklin County District Attorney's Office
Assistant District Attorney,           05 CV 30038
Barry Auskern.
Town of Athol, Massachusetts
[Town Manager David B. Ames]
Athol, Massachusetts Police Department
Athol, Massachusetts Police Chief
Athol Police Officer Craig Deveneau
Franklin County Woman's Advocate,
Karen Fitzpatrick

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**NOW COMES BEFORE** this Honorable Court the Plaintiff James E. Person, acting in pro se and In Forma Pauperis, and Mary Paris, acting in pro se and In Forma Pauperis praying, this Court will allow the following action to be brought forth, alleging Civil Rights violations to the Plaintiff's by the above named Defendant's whom acting "under the color of State Law" violated the Plaintiff's; First (1st), Sixth (6th) and Fourteenth (14th) Amendment Rights as guaranteed under the Constitution of the United States. Thus causing serious emotional and to James Person physical harm as well.

The Plaintiff's ask this Honorable Court to hear this Pleading as soon as is feasible as if not there can and will be irreparable damage done to the Plaintiff's.

The annexed affidavit is on support of this action.

Mary Paris, pro se

*mary A. Paris*

*Carl Zama*

CARLO ZANONI
Notary Public, Maine
My Commission Expires February 20, 2009

James Person, pro se

BRIAN T. TASSONE
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires Sep. 20, 2007

## AFFIDAVIT IN SUPPORT
## OF CIVIL ACTION

The Plaintiff's, James E. Person, pro se and Mary Paris, pro se; depose and swear that the following affidavit is given in support of their attached pleading.

The Plaintiff James E. Person, is currently incarcerated at the Franklin County House of Corrections, located at, 160 Elm Street, Greenfield, Ma.-01301.

The Plaintiff, Mary Paris, currently resides at, 282 Lisbon Street, Apt. 411, Lewiston, Maine, 04240.

The Plaintiff's makes this affidavit in showing how James Persons's and Mary Paris's Civil Rights were violated under the First (1st), Sixth (6th) and Fourteenth (14th) Amendments.

## PROCEDURAL HISTORY

1. The Plaintiff James E. Person was arrested on or about February 27th, 2004, for the crime of aggravated assault and battery.
2. The Plaintiff was arraigned on the 28th day of February, 2004 and at the arraignment was given a dangerous hearing.
3. At this hearing Mary Paris the victim was brought in to testify for the State, against James Person.
   a. Mary Paris testified at James Person's Dangerous Hearing to the following:

1

    (1). That she was afraid of James Person, and that he had threatened to kill her and her grand-children. If she ever called the police on him. He constantly called her names and accused her of sleeping with other men. That James Person takes her money and she reiterated many times how she was afraid of him, that she never wanted to see James Person again and that she wanted him out of her life for good.

4.   At this hearing the Plaintiff was deemed to be dangerous and was held with out bail.

5.   The Plaintiff was remanded to the custody of the Franklin County Sheriff's Department until the 29th of March, 2004.

6.   On the 29th of March, 2004 the Plaintiff was scheduled to begin trial in the Franklin County District Court.

7.   On the morning of the scheduled date the Plaintiff's attorney filed a motion seeking to have Judge Ross recuse himself; the attorney sought the recusal for the reason that he was going to call the Judge as a witness because, he told the Judge " he was familiar with Mary Paris from previous times that she had been in his Court" and that the Plaintiff has two (2) prior cases still pending in front of Judge Ross and for the fact that Judge Ross was the Judge who presided at the Plaintiff's Dangerous Hearing and had ruled in favor of the Prosecution.

8.   The Judge denied the motion to recuse himself and gave for his reasoning that he felt he could be fair and impartial in his rulings.

**9.**   The Plaintiff's attorney filed a motion to suppress Mary Paris's statement on the grounds that it fell under the **"excited utterance**

2

doctrine", ['it was the understanding of the Plaintiff and his attorney that the Massachusetts Supreme Court had just recently ruled that, "excited utterance", was no longer an acceptable means of evidence'].

    a. Under the Supreme Court ruling, this would exclude this type of statement from being used.

        (1). This being the strongest part of the prosecution's, case it would render the States case virtually unable to be prosecuted.

10. Judge Ross denied the Plaintiff's motion to suppress the Statement of Mary Paris.

11. Mary Paris wrote a letter to the District Attorney prior to the Plaintiff's appearance in Court stating in part as follows:

    a. That she did not wish to bring charges against the Plaintiff.

    b. That the Plaintiff did not physically touch here in any way.

    c. That the Plaintiff was not in the house at the time the alleged assault supposedly took place.

    d. Mary Paris informed the District Attorney's office that she did not wish to proceed with the action;

        (1). Mary Paris on the day of the trial informed the Judge that she wished to invoke her Fifth (5th) Amendment right and not testify.

            (a). The District Attorney insisted that Mary Paris should not be allowed to invoke her Fifth (5th) Amendment right to not testify; Mary Paris had made the decision not to testify for the following reason:

            (1)(a). Mary Paris, had been coerced and through

much duress brought to say things that she did not want to say and that she and the District Attorney, the Athol Police and the Franklin County Woman's Advocate knew not to be truthful. Mary Paris found and felt that a Judge, would as is guaranteed by the Constitution make sure that when she informed him of the wrong done by the District Attorney, the Athol Police and the Woman's Advocate, stop the proceedings and bring to bear the weight of the Court to correct the wrongs that had and were being done to her and the Mr. Persons.

12. Judge Ross at this point made the decision that the only way he could make a decision on whether Mary Paris would be able to invoke her Fifth (5th) Amendment right or not would be for her to take the stand so he could illicit testimony from her as to what had taken place when; the Franklin County Woman's Advocate [Karen Fitzpatrick], who met Mary Paris when she got off from the elevator and took her into an isolated room where the Assistant District Attorney [Barry Auskern] and the Athol Police Officer [Craig Devenau] were waiting for her. At this point in time they started to tell Mary Paris what they wanted her to say and how she would say it, to support the Dangerous Hearing. At this point she informed these people that she did not want to press charges and wanted no more to do with this situation.

4

    a. At this point Mary Paris was threatened with being hand-cuffed and taken to jail, that she would be removed from the possibility of being able to see her Grand-Children, that she would lose her home, and threatened with being put into jail for a long period of time.

        1. She was told that this is what would be done to her if she did not do what the Police, the District Attorney's Office and the Franklin County Woman's Advocates Office by and through Karen Fitzpatrick wanted her to do and if she didn't say the things they told her told to say.

13. Judge Ross had Mary Paris on the witness stand under oath at this time and she was in tears, shaking and totally distraught.

    a. She is pointing at the District Attorney, and yelling out " he keeps calling my house two (2) to three (3) times a day threatening me by telling me I will go to jail if I do not testify against James. I felt that these people who were supposed to be helping me the "VICTIM" were more concerned with getting a conviction than with helping me.

    b. She tells the Judge; "the Athol Police are coming by her house and threatening her with the fact that if she does not show up in court they will come and get her and take her out of her house in hand-cuffs and to the court by force." On the day Jame's began his trial, (March 29th, 2004), the Athol Police came to my house and did take her out by force and hand-cuffed to the Court.

    c. She tells the Judge, "that the Athol Police are following her around town."

   d. Mary Paris tells the Judge, "that the woman from the Franklin County woman's Advocacy, [Karen Fitzpatrick] keeps calling her and telling her that James is no good and that he is going to kill you, you better go and testify against him. And that he has a long criminal record with a lot of violence in his past. You have to help us put him away.

   Please see Exhibits A and B (these two (2) pieces are letters)

14. At this point the Judge took a few minutes after listening to Mary Paris's testimony and made the decision that:

   a. Mary Paris's testimony was coerced and that she be allowed to invoke her Fifth (5th) Amendment right to not testify.

15. After the Judge's decision that she did not have to testify during James Person's trial, Mr. Person went ahead and picked a jury. At this point court was adjourned for the day.

16. On March 30th, 2004 the second day of trial Mr. Persons and his Attorney Robert Raymond, met before entering the court room in the lock-up section of the courthouse. Mr. Persons explained to Attorney Raymond that he felt that he wasn't doing an adequate job of defending him and that he felt that he was conspiring with the District Attorney's Office against him

17. At this point Mr. Persons felt that it was in his best interest to represent himself.

   a. Mr. Persons and Attorney Raymond went into the courtroom and notified Judge Ross that Mr. Persons was going to take up his own representation. At that point, Judge Ross asked the Plaintiff why he wished to do so. The Plaintiff stated:

6

1. That he felt he wasn't receiving a fair and just trial, that he
   had picked a jury of all white people, that there were no
   African-American people on the jury.

   (a).  He stated to the Judge "this is not a jury of my peers!",
         and said to the Judge , "with all due respect, I have asked
         you to recuse yourself from this case, for the following
         reasons:

         (1).  I have two (2) open cases with; Mrs. Paris in this
               Court and you are currently sitting on both of those

         (2).  Every motion my Attorney or I have
               entertained you have denied.

         (3).  You ruled for the prosecution in my Dangerous
               Hearing.

         (4).  You heard Mrs. Paris's testimony, and ruled that
               she had been coerced and threatened and
               intimidated and yet even after my having brought
               the issue forth requesting you either dismiss the
               case or call a mis-trial, you have failed to do so.

## **FACTS**

## **STATEMENTS OF INDIGENCE**

18. The Plaintiff has no savings or checking accounts and no property of
    any kind.

19. At all times since his conviction he has not had the means to afford the
    services of an attorney and/or an investigator to assist in the

accumulation of evidence and materials necessary to prepare this motion.

20. He is unable to pay the costs, fees and expenses necessary to assert his rights in this case.

21. There is no other party who has a financial interest in this motion who can pay the expenses.

## ATTEMPTS TO OBTAIN EVIDENCE IN SUPPORT OF THIS MOTION

22. By letter dated August 6th, 2004 the Plaintiff sent by First-Class, U.S. Postage a letter to his prior defense counsel asking for Information needed to pursue his motion.

23. Many of the allegations made hereinafter made pertain to matters that are not discernible from and/or are based upon the documents and Records which are not part of the record.

24. The Plaintiff has sent a letter dated August 6 [th], 2004 to the Franklin County District Court asking for a copy of his transcripts.

## GROUNDS FOR RELIEF

25. I repeat, reiterate, and re-allege each and every allegation of this affidavit set forth in paragraphs 1 to and including 25 with the same force and effect as if separately set out and numbered in each of the following grounds for relief.

8

## GROUND 1

**THE FRANKLIN COUNTY DISTRICT ATTORNEY'S OFFICE, THE ATHOL POLICE DEPARTMENT, AND THE FRANKLIN COUNTY WOMEN'S ADVOCATE'S OFFICE THROUGH THE USE OF COERCION, AND THREATS EFFECTIVELY DENIED THE PLAINTIFF, [JAMES PERSON] HIS RIGHT TO A FAIR AND IMPARTIAL HEARING BEFORE JUDGE ROSS AND CAUSED BY `ACTING UNDER COLOR OF LAW', MARY PARIS'S AND JAMES PERSONS CIVIL RIGHTS TO BE VIOLATED, IN THAT THE ABOVE NAMED INDIVIDUALS DENIED BOTH PLAINTIFFS THEIR RIGHT TO COERCION FREE ACCESS TO THE COURTS UNDER THE FIRST (1ST) AMENDMENT.**

26. Every person has the right to their First (1st) Amendment right to fair and impartial access to the courts, without fear of retaliation, threats or coercion.

    a. The Plaintiff's had their rights under the First (1st) amendment violated due to the fact that:

       1. Mary Paris was repeatedly threatened by the Athol Police, the advocate from the Women's Advocate's Office by and through Karen Fitzpatrick, and the District Attorney's Office, as were shown above in #'s 11, 12, and 13 in their entirety.

          (a). In the normal course of events a person acting in the Capacity of Assistant District Attorney, ( Barry Auskern) would have *"absolute immunity"* but when a person acting

9

under [color of law], knowingly and with malice and
Aforethought not only violates the rights he is sworn to
Protect but also commits a felony, (due to the fact that the
Crime he was prosecuting was a felony). This places the
District Attorney's Office and the County of Franklin liable
due to Assistant District Attorney  Barry Auskern acting in
his **"OFFICIAL"** capacity and thus through proxy
making the County liable for his actions.

(b). The advocate from the Franklin County Women's
Advocacy Karen Fitzpatrick by assisting in the threatening,
coercion and  intimidation of Mary Paris while operating
under the guise of "OFFICIALDOM" in her Official
Capacity as Franklin Counties advocate, [who is supposed
to be helping the alleged victim], it would appear was
more interested in securing a conviction for the State
instead of helping Mary Paris (the Victim).

(c). The Athol Police, through Officer Craig Deveneau, mentally
harassed and coerced Mary Paris into signing and saying
things she did not want to say in their vicious attack at
securing a conviction against James Persons.

b. Any attempt by any person acting " under color of law "to
deprive another of their Constitutionally guaranteed rights, is
liable under 42 U.S.C. § 1983.

c. It will become clear as this incident is laid out to the Court that both of the Plaintiff's, Mary Paris and James Person through the conspiracy so cleverly attempted by the County, the Franklin County District Attorney's Office, the City of Athol Police Department and the County Women's Advocate's Office had no other intent other than to obtain a conviction against Mr. Person, and the moral and legal objective of making sure the victim was treated with respect and compassion was completely left out of the equation.

## **PREJUDICE**

The appropriate analysis for determining prejudice is whether " there is a reasonable probability that, but for the defense counsel's action and/or inaction, whether through the actions of the Court and it's officers. The outcome of the proceedings might have come to a different conclusion." The following will show the ways the Plaintiff's case was prejudiced:

1. The actions of the defendants in taking Mary Paris off by herself, stopping by her house to coerce and threaten her, and the use of intimidation, prejudiced the Plaintiff's case due to the:

    a. Fact that Mary Paris, who was known to the Woman's Advocate, the Athol Police and the District Attorney's Office as a woman who did not have a very high level of literacy and could be easily swayed in her decision making processes was worn down through the constant harassment of the people sworn to assist and protect her.

b. The case it self was severely prejudiced due to the fact that Judge Ross who presided over the Dangerous Hearing in this case freely admitted that Mary Paris was in fact, [coerced, intimidated and threatened], and no testimony of hers should have been allowed

c. Due to the fact that Judge Ross had made any testimony Mary Paris had given now being **"moot"**, should have dismissed the case and sent both Plaintiff's home with an apology from the Court for their treatment.

## GROUND 2

## THE PLAINTIFF'S, MARY PARIS AND JAMES PERSON'S RIGHT UNDER THE SIXTH (6TH) AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES WERE VIOLATED IN THE DENIAL OF ONE OF THE MOST BASIC RIGHTS THE PEOPLE ARE GUARANTEED, AND THAT IS EQUAL PROTECTION UNDER THE LAW

One of the most basic and truly fundamental rights given to the people is the right to a fair and impartial trial by a jury of their peers. Any time a person, entity or office through what ever means they choose to pursue take the necessary steps to deny this right by; ***"acting under color of law"***, they become liable civilly and criminally. The Plaintiff's in this issue had precisely this done to them:

12

1. The Plaintiff's, Mary Paris and James Person, through and by the coercion, intimidation and threats leveled at Mary Paris, could not possibly have found a way to obtain an unbiased level with which to maintain a course of action to address the issues facing them.

   a. The prosecution wanted to convict James Person so badly that it reverted to the very thing that the people elect officials to protect them against.

      (1). The Assistant District Attorney, Barry Auskern condoning and being a part of a conspiracy to convict James Person even if it meant abusing the power endowed to him by the State and County, whose laws they are sworn to protect.

      (2). The Athol Police Department using it's power and the very real presence of an Officer in uniform arriving at the Victims' house to coerce, intimidate and threaten her into Testifying to the things they wanted her to say.

      (3). The Franklin County Advocate for women, Karen Fitzpatrick who probably did the most damage, when it is considered that she is there for only one reason and that is to look out for the rights of the victim and for her to abuse that trust and assist the State in using Mary Paris for their own needs, is a truly disgraceful thing,

The Town of Franklin, the Athol Police and the Office of the County who supplies the woman's advocate, knowingly and acting under "color of law" set out to convict James Person and no mere citizen was going to stand in their way of accomplishing that chore.

## GROUND 3

**WHEN ANY PERSON, OFFICER OF THE LAW OR COURT OFFICER, KNOWINGLY AND WILLFULLY ACTS UNDER "COLOR OF LAW" TO TAKE FROM ANY OTHER PERSON THE RIGHTS GUARANTEED TO THEM BY THE CONSTITUTION OF THE UNITED STATES, THEY SUBJECT THEIRSELVES TO THE FULL LEGAL REDRESS OF THE FEDERAL COURT, MARY PARIS AND JAMES PERSON HAD THEIR RIGHT UNDER THE FOURTEENTH (14TH) AMENDMENT OF THE CONSTITUTION GRANTING THEM DUE PROCESS TAKEN AWAY FROM THEM BY THE ACTIONS OF THE DEFENDANTS IN THIS CASE.**

The defendant's through their own actions, [and it would be a very safe assumption that they would know the law], created and maintained a situation where the causal effect can only lead to one conclusive ending, that the Plaintiff's had their **"DUE PROCESS RIGHTS"** denied to them. Their due process rights were violated as follows:

1. For a person to be afforded due process there are certain actions that must and must not take place:

   a. The person must have his right to access the court, fundamentally untarnished by any outside influence or pressure.

   b. The person must have a completely unbiased, Judge, prosecutor, and if necessary jury to which any and all allocutions are made.

14

    c.  Neither the person who is being charged nor any witnesses the person may deem necessary to appear on his behalf, **_MUST_** not in anyway be coerced, intimidated or threatened with repercussions if they testify differently than the prosecution would like them to.

    d.  If at anytime during the proceedings any of the parties involved feels they need to go to the Judge to have a situation addressed concerning any wrong-doing by any party, they should feel free to do so, **_KNOWING_** that in the eyes of the court their grievance will be rightfully addressed and that the Judge who is there to protect their rights will protect the rights of all the parties involved.

The Plaintiff's had their right to due process violated by the court not fairly addressing the issues that were brought before it:

1.  The Plaintiff, Mary Paris during James Person's "Dangerous Hearing" offered as testimony facts that were in truth not facts, ie:

    a.  She was coerced, threatened and intimidated by the Athol Police, the District Attorney's Office and the Franklin County Woman's Advocate Office.

        (1).  They told her things they wanted her to say at the hearing that they (the above listed people) knew were not true, but, would be necessary to get Mr. Person's declared as "Dangerous".

    b.  By getting this stigma placed on Mr. Persons, it allowed the court to do a number of things.

        (1).  It allowed him to be held without bail.

        (2).  It in the event that the case went to trial, it would allow the Prosecution to portray him as a "dangerous person".

2. During the motion hearings, Mary Paris, once again went on the stand and brought forth and as is shown in, number 13; subsections a, b,c, and d, had told the Judge that she had been coerced, threatened and intimidated; the Judge at that point agreed with her and said:

   a. That Mary Paris did not have to testify at Mr. Person's trial, but this would be a little like closing the door after the horse got out due to the fact that if the Court had done as it should have, the case would have been dismissed as soon as the Judge found out Mary Paris's testimony was not of her own free will, the truth here is if the authorities had allowed her to give honest testimony this case would never have proceeded forward.

## SUMMATION

This action is in a sense very complex, but it is also a very simple one to understand. There are going to be but a few things to show to outline the points to be made:

1. The most important thing to bring out in any case such as this one is that there is two (2) real people involved who have had a serious wrong done to them.

2. It is important that people,[who feel it necessary to have the power that comes with their having authority] feel that because they are the law, [authority] that they can get away with acting anyway they want because of the fact that they are the law:

a. The Plaintiff's in trying to decide how to approach getting something done about what occurred spoke to a few people and did some reading. They found:

(1). That the Federal Government had envisioned that there may be times when normal everyday people would find themselves needing to address situations, where their Civil Rights had been violated and it would be necessary for the Courts to have a way to help its citizens, so 42 U.S.C.§ 1983 came into existence.

(2). This statute gave the people and the Federal Courts a means to protect the citizens of the United States from individuals who acting "under color of law" abuse the power granted to them, by abusing and denying the rights the Constitution inherently guaranteed each and everyone of its citizens.

3. The people and agencies named as Defendants in this action have done exactly the things that statute § 1983 was designed to protect the citizens of this country from, and at the same time giving them a way and means to find redress if any of the rights guaranteed to them were stepped on.

a. The District Attorney's Office, the Athol Police and the Franklin County Women's Advocacy Office and Judge Ross all failed to fulfill the positions they were placed in; that being to first and foremost *"Protect the people"* that they have taken an oath and sworn before God to do.

17

b. These very person were acting under "color of law"; "color of law" to the normal person means:

    (1). That a person, agency or office, has been placed in a position of having a lawful authority to administer the laws created to protect the public and to bring to justice those who violate these laws.

4. When a person acting under the "color of law" violates the laws they are sworn to uphold, they knowingly place their selves in a position of going outside those very laws.

    a. This action in itself has brought forth many of the scenarios that it would seem [the framers] had in mind when this statute was designed to give the people access to:

        (1). The Athol Police, the District Attorney's Office and the Franklin County Women's Advocacy Office and Judge Ross all knowingly worked in unison to bring about the violation of the Plaintiff's rights in this action.

        (2). These actions bring us to the following actions:

            (a). The Defendant's through their failure to uphold the laws they have sworn to administer and to maintain the rights that they have sworn to help protect have denied the Plaintiff's the right to their Constitutionally guaranteed rights to:

                (1)(a). Due Process under the Fourteenth (14th) Amendment

                (2)(a). Freedom of Access to the Courts under the First (1st) Amendment

                (3)(a). Equal Protection under the Sixth (6th)

18

Amendment

## **RELIEF SOUGHT**

The Plaintiff's bring forth to the Court the following as relief sought:

1. The Plaintiff's both seek from the Court that the Defendant's are placed on Official Suspension with out pay and an investigation into the conduct of these Public Officials is brought forth and the results made public

2. The Plaintiff Mary Paris seeks in compensatory damages from the Franklin County District Attorney's Office in its Official Capacity the sum of; Five Million Dollars, **($5,000,000.00).**

3. The Plaintiff Mary Paris seeks in compensatory damages from the Assistant District Attorney of Franklin County, [Assistant District Attorney Barry Auskern] in his Official Capacity the sum of; Three Million Five Hundred Thousand Dollars, **($3,500,00.00),** in his Supervisory Capacity the sum of; One Million Seven Hundred Fifty Thousand Dollars, **($1,750,000.00)**, in his Personal Capacity the sum of; One Million Dollars, **($1,000,000.00).**

4. The Plaintiff Mary Paris seeks in compensatory damages from the Athol Police Department by and through, the Police Chief in his Supervisory Capacity, the sum of; Five Million Dollars, **($5,000,000.00).**

5. The Plaintiff Mary Paris seeks in compensatory damages from Athol Police

Officer Craig Deveneau, in his Official Capacity the sum of; Three Million Dollars, **($3,000,000.00),** in his Personal Capacity the sum of; Two Million Dollars, **($2,000,000.00).**

6. Mary Paris seeks from the Town of Athol through the Chief of Police and Officer Craig Deveneau by means of proxy due to the powers vested in them by the town of Athol the sum of; Fifteen Million Dollars, **($15,000,000.00).**

7. The Plaintiff Mary Paris seeks in compensatory damages from the County of Franklin by the means of proxy through their agent Miss/Mrs./Ms. Karen Fitzpatrick acting in her capacity as a Woman's Advocate the sum of; Three Million. Five Hundred Thousand Dollars, **($3,500,000.00).**

8. The Plaintiff Mary Paris seeks in compensatory damages from Miss/Mrs./Ms. Karen Fitzpatrick in her Official Capacity as Woman's Advocate the sum of; One Million Dollars, **($1,000,000.00),** and in her Personal Capacity the sum of; Seven Hundred Fifty Thousand Dollars, **($750,000.00).**

9. The Plaintiff James Person seeks in compensatory damages from the Franklin County District Attorney's Office the sum of; Seven Million Dollars, **($7,000,000.00).**

10. The Plaintiff James Person seeks in compensatory damages from the Franklin County Assistant District Attorney, Barry Auskern in his

Official Capacity the sum of; Ten Million Dollars, **($10,000,000.00)** and in his personal Capacity the sum of; Four Million Dollars, **($4,000,000.00).**

11. The Plaintiff, James Person seeks from Athol Police Department by and through it's Chief of Police in his Supervisory Capacity the sum of Eight million Dollars, **($8,000,000.00).**

12. The Plaintiff James Person seeks from the Athol Police Officer Craig Deveneau in his Official Capacity the sum of; Five Million Dollars, **($5,000,000.00)** and in his Personal Capacity the sum of Three Million Dollars **($3,000,000.00).**

13. The Plaintiff James Person seeks from the Town of Athol through the Chief of Police and Officer Craig Deveneau by means of proxy due to the powers vested in them by the Town of Athol the sum of; Fifteen Million Dollars, **($15,000,000.00).**

14. The Plaintiff James Person seeks from the County of Franklin by the means of proxy through their agent Mrs./Miss/Ms Karen Fitzpatrick acting her capacity as Woman's Advocate the sum of; Four Million Dollars, **($4,000,000.00).**

15. The Plaintiff James Person seeks from Mrs./Miss/Ms Karen Fitzpatrick in her Official Capacity as Woman's Advocate the sum of, Two Million Dollars, **($2,000,000.00)** and in her Personal Capacity the sum of, One Million Dollars, **($1,000,000.00).**

21

16. The Plaintiff James Person prays that if this Court finds he is due relief that it issues and order directing his case be remanded back to the courts for a reconsideration.

17. The Plaintiff's Mary Paris and James Person pray that this Court grant the relief sought and what further relief this Court deems just and fair.

DATED: August 20, 2004

Respectfully Submitted,

Mary Paris, pro se

Respectfully Submitted,

James Person, pro se

KATINA A. FORTIN
Notary Public
Commonwealth of Massachusetts
My Commission Expires Apr 22, 2005

LIZA L. SCRANTON
Notary Public, Mass.
My Commission Expires July 18, 2019

22

8-10-04

To Whom It May Concerns
I had received a phone call
on Saturday from Pros. Berry.
He called to ask me if I was going to
court, he said that I had better
show up. He called again on Sunday
and said that he was told that I
wasn't going court, I then hung up on
him. I went to the Supermarket in
Athol, when I returned home the
phone rang, it was Mr. Berry again.
He then preceded to give an account
of my whereabouts. He knew that I
went to Victory Market, that my car
wouldn't start, that I went to the
Getty Station, and that I walked
home with three bags of groceries.
He had me followed and then
preceded to tell me that if I didn't
show up for court, he would come
with police officers and handcuff
me and have a judge put me in
jail, until I testified in court.
I feel strongly that he violated
my civil rights, buy following me
and telling me what to do. When
I did appear in court I told the
judge that I was threatened.
                        Sincerely Yours,
                        Mary Perus

EXhibt → A

To Whom It May Concern:

This is the first time that I've been able to write about this:

When I got off the elevator at the court house I was approached by Karen Fitzpatrick. She told me come into a room with her, that I couldn't enter the court room yet. She knew that I was taking medication for depression. When She took me into the room, she proceded to tell me what I should say when I took the stand. She wanted me to say that Mr. Person had raped me, when he hadn't. She kept drilling me that I should tell you lies, because she thought that Mr. Person was trash and needed to be taken off the streets. She and Mr. Burry both wanted him off the streets by any means possible. I need you to remember that these people really scared me, by having me followed and telling me what to say.

Sincerely Yours,

Mary Person

Exhibt → B

Friday, September 10, 2004

Mr. James E. Person
160 Elm Street
Greenfield, MA 01301

**To:** Mr. Darren Alston
First Assistant Clerk – Magistrate
Orange District Court
One Court Square
Orange, MA 01364

**RE**: Docket # **0442 CR 01792**

Mr. Alston I am writing in regards to your reply to my last letter and an up – date on the **(Audio Tapes)** that I am still waiting to receive from your court.

Mr. Alston I need the audio tapes from my **58 (a) Dangerous Hearing** and I need the audio tapes from my (Trial Hearing and the Trial Motions that was herd on March **(29th)** & **(March 30th).**

Sir I need these days in there entirety any thing that was address in regards to the above **(Docket # 0442 CR 01792)** and was address the your courtroom in regards to me is very very important. .

Mr. Alston I do not understand why I am not being given the audio tapes I asked for sir, the court has accepted my **(Waiver)** and noted that I am in fact incarcerated and for that reason I have been given the audio tapes.

Mr. Alston with all due respect sir, the **(Enormous Costs)** associated with these audio tapes is not my problem sir; I am not trying to be faceceous. That is why the cost has been waiver, **(" Please send me the audio tapes that I requested In there Entirety")** Thank You sir.

**Closing,** I am looking forward to your reply to this very important matter before this court and I await my audio tapes in there full session as they were recorded on the above dates.

Respectfully Submitted

Mr. James E. Person

**CC:** Deputy Clerk: Maurice Lindsay
Federal Bldg. & courthouse
1550 Main Street
Springfield, MA 01103

**Mr. James E. Person**
**160 Elm St.**
**Greenfield, Ma. 01301**

Mr. Robert Raymond
Attorney At Law
145 Baker Road
Shutesbury, Ma. 01072

08-06-04

      Mr. Raymond I am writing to you this morning in regards to my pasted case [**Docket # 0442CR0179(2)**] sir it has come to my attention that there is some **(New Evidence)** that I would like to bring forward to the appeal court.

      This is why I am writing to you and Mr. Darren Alston 1st Assistant Clerk of **(Orange District Court).**

      Mr. Raymond I will need the names of the following people that work for or out of Orange District Court..

1.  <u>The name of the red head lady that works for the Women's Advocators in orange court.</u>
2.  <u>The name of the Prosecuting DA & the name of his boss.</u>
3.  <u>The name or names of the Athol Police officer's that was questioning Ms. Paris the day of my dangerous Hearing</u>
4.  <u>I need Mr. Russell full name and business mailing address</u>

      Mr. Raymond I need this information as soon as possible please; and as you are aware I have also requested a copy of all trial and dangerous hearing tapes from Orange District Court House in regards to my appeal any thing you can do to expedite this matter would be greatly appreciate sir.

      **In closing,** I would like to thank you Mr. Raymond for your time in regards to the above matters.

                   Respectfully submitted
                   Mr. James E. Person

**CC: Deputy Clerk Maurice Lindsay**
     **Federal Building and Courthouse**
     **1550 Main Street**
     **Springfield, Ma. 01103**



KATINA A. FORTIN
Notary Public
Commonwealth of Massachusetts
My Commission Expires Apr 22, 2005

Tuesday, September 07, 2004

Mr. James E. Person
160 Elm Street
Greenfield, MA 01301

**To:** Mr. Robert S. Raymond
Attorney At Law
145 Baker Road
Shutesbury, MA 01072

**RE:** Retrial / Appeal

Mr. Raymond I am writing this letter to you as you requested I do.
I just spoke with you personally in the jail house library before you spoke with a client you come to see.
Sir as I told you I would like you to have me brought back into Orange district Court please.
Reason being ;I would like my probation modify.
I have under gone a **(Six Month)** in house drug program and a **(Six Month)** in house anger management Program.
Mr. Raymond I have successfully completed both of them as the court asked !!
As you are now aware sir my release date is **(2- 27- 05)** upon my release Mr. Raymond I will be returning back to the **(Great Boston area)** and do not see the need to continue this burden of being on probation for a town were I do not live.
I am all so asking that you file the necessary motion to have my case **(reopen)** for an appeal please.
**In Closing,** I would like to thank you for your time in this matter.
I am looking forward to getting back into court and ending this probation all together.

Respectfully Submitted
Mr. James E. Person

**CC:** Deputy Clerk: Maurice Lindsay
Federal Bldg. & Courthouse
1550 Main Street
Springfield, MA 01103

Saturday, September 04, 2004

Mr. James E. Person
160 Elm Street
Greenfield, MA 01301

**To:** Mr. Darren Alston
First Assistant Clerk – Magistrate
Orange District Court
One Court Square
Orange, MA 01364

**RE**: Docket # **0442 CR 01792**

Mr. Alston I am writing in regards to your reply to my last letter and an up – date on the **(Audio Tapes)** that I am still waiting to receive from your court.

Mr. Alston I need the audio tapes from my **58 (a) Dangerous Hearing** and I need the audio tapes from my (Trial Hearing and the Trial Motions that was herd on March **(29th) & (March 30th).**

Sir I need these days in there entirety any thing that was address in regards to the above **(Docket # 0442 CR 01792)** and was address the your courtroom in regards to me is very very important. .

Mr. Alston I do not understand why I am not being given the audio tapes I asked for sir, the court has accepted my **(Waiver)** and noted that I am in fact incarcerated and for that reason I have been given the audio tapes.

Mr. Alston with all due respect sir, the **(Enormous Costs)** associated with these audio tapes is not my problem sir; I am not trying to be faceceous. That is why the cost has been waiver, **(" Please send me the audio tapes that I requested In there Entirety")** Thank You sir.

**Closing,** I am looking forward to your reply to this very important matter before this court and I await my audio tapes in there full session as they were recorded on the above dates.

Respectfully Submitted

Mr. James E. Person

**CC:** Deputy Clerk: Maurice Lindsay
Federal Bldg. & courthouse
1550 Main Street
Springfield, MA 01103

Prosecuted the case, but also by the **women's advocator** for the Orange Court and members of the **Athol police Dept**. Judge Ross's ruling was that Ms. Paris was coerced and would be allowed to exercise her 5th amendment right during my trial.

Once this fact was made aware to the court, it should have been an automatic miss trial or case dismissal based on the prejudice and bias actions by the DA and members of the Orange District Court to include the Women's Advocator & Athol Police Dept.

Knowing these facts, Judge Ross would not call either.

I ask judge Ross to remove himself for sitting on my trail due to the fact that, not only did judge Ross ruled on my dangerous hearing **(ruled for the prosecution in my dangerous hearing)**. Judge Ross also presided over two other matters involving Ms. Paris and myself. And Judge Ross would not recluse himself. This only illuminates a light of justice on the deep rooted racism And discrimination that lives in small town court houses like Orange court house.

It is with these facts that I bring to your attention and the attention of United State's federal court.

Ms. Mary Paris and I are filing criminal and civil charges against Orange court and it's officers of the court.

 

      Enclosed, you will find indigence forms that I filled out, I'm serving a year sentence and Have no income sir to pay for any tapes; thank you for your time

 

                            Respectfully submitted

                            Mr. James E. Person

 

CC:

        Deputy Clerk: Maurice Lindsay
        Federal Bldg. & Courthouse
   1550 Main St. Springfield, MA 01103



KATINA A. FORTIN
Notary Public
Commonwealth of Massachusetts
My Commission Expires Apr 22, 2005

Thursday, October 07, 2004

Mr. James E. Person
160 Elm Street
Greenfield, MA 01301

**To:** Mr. Robert S. Raymond
Attorney at Law
145 Baker Road
Shutesbury, MA 01072

**RE:** Unsuperpervise Probation

Mr. Raymond I am writing to you this evening in regards to our last encounter here at Franklin Country in Greenfield.

Sir you told me to write a letter, saying why I should be allow to have my probation modified to **(unsupervised probation)**

I have written a letter address to judge Ross of Orange district court house in regards to my plead, will bring my written letter with me to court.

I am all so mailing a copy to Mr. Becklo **(The Chief Probation Officer)** at Orange district Court.

Mr. Raymond I am asking you to file the motion to have me brought in to court in mid **(November)** Please.

Mr. Raymond I will not be mailing you a copy of my letter that is addressed to the court, reason being **(The last time you told me to write down the reasons why Judge Ross should be remove him self from my trial)** Mr. Raymond you never red it to the court; So will give you a copy & Judge Ross's copy.

**In Closing,** I would like to thank you Mr. Raymond for your time in this very important matter regarding in life.

I am looking forward to your reply.

Mr. Raymond and **please let me know my court date for November,** Thank You.

Respectfully Submitted

Mr. James E. Person

**CC:** Deputy Clerk: Maurice Lindsay
Federal Bldg. & Courthouse
1550 Main Street
Springfield, MA 01103

Mr. Allan Becklo
Orange District Court
One Court Square
Orange, MA 01364

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Mary Paris, pro se
James Person, Pro Se,

**DEFENDANTS**

Franklin County District Attorney

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Franklin
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Orange
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Plaintiff's Pro Se

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                    AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury — Med. Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Act |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

6th & 14th Amendments Due Process & Equal Protection

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint.
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE

DOCKET NUMBER

DATE   8-25-04

SIGNATURE OF ATTORNEY OF RECORD   James D.E. Person

FOR OFFICE USE ONLY

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) *James Person -v-*
   *Franklin County District Attorney*

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          *Also complete AO 120 or AO 121
                                                                                      for patent, trademark or copyright cases

   ___   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   ___   V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   *N/A*

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                        YES ☐          NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                                        YES ☐          NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                        YES ☐          NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                        YES ☐          NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                        YES ☑          NO ☐

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐          Central Division ☐          Western Division ☑

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐          Central Division ☐          Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                                        YES ☐          NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  *James Person pro se*
ADDRESS  *160 Elm St., Greenfield, Ma. 01301*
TELEPHONE NO. _____

Coversheetlocal.wpd - 10/17/02)